**\*\*\*AMENDED HLD-001**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2538
_____

IN RE: KHAMRAJ LALL,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Cr. No. 3-17-cr-00343-001 & Civ. No. 3-22-cv-06036)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 24, 2024

Before: CHAGARES, <u>Chief Judge</u>, HARDIMAN, and PORTER, <u>Circuit Judges</u>

(Opinion filed November 12, 2024)
_____

OPINION[*]
_____

PER CURIAM

For the second time in just over a year, Khamraj Lall petitions this Court for a writ

of mandamus, alleging undue delay in the adjudication of his motion to vacate sentence

pursuant to 28 U.S.C. § 2255, which is docketed at D.N.J Civ. No. 3:22-cv-06036.  In his

mandamus petition, Lall also seeks an order directing the District Court to rule on a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion for a reduction of sentence pursuant to 18 U.S.C. § 3582, which was docketed in his criminal case, see D.N.J. Cr. 3-17-cr-00343-001, ECF No. 191. We will deny the mandamus petition.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992). An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (quotation marks omitted), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Lall filed his § 2255 motion in October 2022, and, six months later, sought mandamus relief to compel the District Court to rule on the motion. We denied the mandamus petition, noting that the delay to that point did not amount to a failure to exercise jurisdiction. See In re Lall, No. 23-2034, 2023 WL 5739847, at *1 (3d Cir. Sept. 6, 2023) (per curiam). As we explained, the District Court had adjudicated various motions, and Lall had taken an appeal from one its orders. We observed that the Government had responded to the § 2255 motion, Lall had filed a reply, and we were confident that the District Court would issue a ruling in "due course." Id.

The § 2255 motion is still pending, and Lall again seeks an order directing the District Court to rule on it. Since our decision on Lall's first mandamus petition, Lall filed a motion for release on bail pending resolution of the § 2255 motion and the District

Court addressed that motion; the District Court ordered the Government to file a supplemental response to the § 2255 motion with specified documentation in support; the District Court addressed the sealing of "proffer reports" submitted by Lall in further support of the § 2255 motion; Lall filed a motion to amend the § 2255 motion and a reply to the Government's supplemental response to the § 2255 motion; and the District Court ordered the Government to respond to Lall's motion to amend his § 2255 motion, which the Government recently filed. The subsequent delay is due in part to Lall's own motions and the need for supplemental briefing as directed by the District Court. See D.N.J Civ. No. 3:22-cv-06036, ECF Nos. 34, 37, & 46. In this posture, that the District Court has not finally resolved Lall's § 2255 motion does not rise to the level of a failure to exercise jurisdiction or an extraordinary circumstance. See Madden, 102 F.3d at 79. We expect that, once Lall has filed in the District Court his reply in support of his motion to amend, or the time to do so has expired,[1] the District Court will rule on the motion to amend and the § 2255 motion without inordinate delay.

As for Lall's requested mandamus relief on his motions to reduce his sentence filed in his criminal case at D.N.J. 3-17-cr-00343, ECF Nos. 191, 200, and 201, the District Court denied the first motion in an order entered August 3, 2023, denied his second and third motions, which are identical and both filed on October 21, 2023, in an

---

[1] Petitioner has filed, with *this* Court, a reply to the Government's response to the motion to amend, along with a "Request to Add Reply to Government's Response and Exhibits" to the docket. To the extent he asks permission to file the reply, it is granted, and we have reviewed the filing. To the extent that he requests any other relief, the request is denied.

order entered January 26, 2024, and denied his motion for reconsideration of the Court's January 26, 2024 order in a text order entered May 9, 2024  See D.N.J. 3-17-cr-00343-001, ECF Nos. 199, 205, 210.  There is thus no effective relief on his motions to reduce sentence that we can grant him in this mandamus action.[2]  See generally Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

Based on the foregoing, we will deny the petition for a writ of mandamus.

---

[2] The District Court's January 26, 2024 order is the subject of his appeal at No. 24-1960.

4